IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO

| | |
|---|---|
| ELECTRONIC RECEIPTS DELIVERY SYSTEMS, LLC<br><br>Plaintiff,<br><br>v.<br><br>MEIJER, INC.<br><br>Defendant. | Civil Action No.:<br><br>**TRIAL BY JURY DEMANDED** |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

Now comes, Plaintiff, Electronic Receipts Delivery Systems, LLC ("Plaintiff" or "ERDS"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Meijer Inc. (hereinafter "Defendant" or "Meijer"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No 8,534,551 ("the '551 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

2. Plaintiff is a Texas limited liability company with its principal place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

1

3. Upon information and belief, Defendant is a corporation organized under the laws of Michigan, having a principal place of business at 2929 Walker Avenue, Grand Rapids, Michigan, 49544. Upon information and belief, Defendant may be served with process c/o The Corporation Company, 40600 Ann Arbor Road East, Suite 201, Plymouth, Michigan, 48170.

4. Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district.

5. Defendant has a physical presence in this judicial district, namely, a Meijer store at 4303 Kent Road, Stow, Ohio, 44224.

## JURISDICTION AND VENUE

6. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

8. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

9. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services

provided to individuals in this forum state and in this judicial District; and (iii) being physically located in this District.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its physical presence, and regular and established place of business in this District.

## **FACTUAL ALLEGATIONS**

11. On September 17, 2013, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '551 Patent, entitled "SYSTEM AND METHOD FOR ISSUING DIGITAL RECEIPTS FOR PURCHASE TRANSACTIONS OVER A NETWORK" after a full and fair examination. The '551 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

12. Prior to the issuance of the '551 Patent, customers routinely received receipts for goods or services purchased usually at the time of purchase in paper form. Ex. A, 2:5-7. Receipts are important for a number of reasons, namely, a receipt is usually (but not always) needed to return or replace the merchandise; a receipt is needed to verify and compare against the credit card charge bill to make sure that the credit card charges are accurate; the receipt is needed for income tax purposes; a receipt is needed for insurance purposes in the event of loss or damage to property; a receipt is needed to verify proof of purchase for a manufacturer rebate; and a receipt is needed in many cases for manufacturer warranty claims. Ex. A, 2:7-16.

13. The '551 Patent identified that the problem with paper receipts is that many times they are lost or discarded by the purchaser. Ex. A, 2:17-18. The '551 Patent identified that a need

existed for techniques to facilitate providing customers with receipts for goods or services purchased that can be accessible by the customer at a time after the point of sale. Ex. A, 2:22-25.

14. To solve this deficiency and address this need, the '551 Patent identified a system and method for a merchant to provide a digital electronic receipt to a customer at the time of purchase are provided. The digital receipt will be stored on the global computer network (e.g., the Internet) or a local network. Ex. A, 2:32-35.

15. Plaintiff is presently the owner of the '551 Patent, having received all right, title and interest in and to the '551 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '551 Patent, including the exclusive right to recover for past infringement.

16. The invention claimed in the '551 Patent comprises a method for issuing a purchase transaction receipt over a network.

17. The '551 Patent contains 20 claims, three of which are independent claims.

18. Claim 1 of the '551 Patent states:

> "1. A method for issuing a purchase transaction receipt over a network, the method comprising:
> receiving, by at least one server in communication with the network, a registration request to receive digital receipts in association with a first credit card account;
> storing, by the at least one server, at least one first customer record in a database, the at least one first customer record associating the first credit card account with a destination associated with a first customer;
> receiving, at the at least one server from a point-of-sale terminal, information identifying the first credit card account and information about a transaction;
> retrieving, by the at least one server, the at least one first customer record from the database based on the information identifying the first credit card account;
> initiating a charge of an amount of the transaction to the first credit card account; and

4

automatically transmitting a digital receipt for the transaction to the destination associated with the first customer without input from the first customer." See Exhibit A.

19. Claim 1 of the '551 Patent recites a non-abstract method for issuing a purchase transaction receipt over a network.

20. Claim 1 of the '551 Patent provides the practical application of a method for issuing a purchase transaction receipt over a network.

21. Claim 1 of the '551 Patent provides an inventive step for the issuing a purchase transaction receipt over a network to address the deficiencies and needs identified in the Background section of the '551 Patent. See Ex. A.

22. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '551 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 1 of the '551 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a method that encompasses that which is covered by Claim 1 of the '551 Patent.

**DEFENDANT'S PRODUCT**

23. Defendant offers solutions, such as the "Meijer Mobile App" system (the "Accused Product"), that enables or performs a method for issuing a purchase transaction receipt over a network. A non-limiting and exemplary claim chart comparing the Accused Product of Claim 1 of the '551 Patent is attached hereto as Exhibit B and is incorporated herein as if fully rewritten.

24. As recited in Claim 1, a system, at least in internal testing and usage, utilized by the Accused Product practices a receiving, by at least one server in communication with the

5

network, a registration request to receive digital receipts in association with a first credit card account. See Ex. B.

25. As recited in one step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused Product practices storing, by the at least one server, at least one first customer record in a database, the at least one first customer record associating the first credit card account with a destination associated with a first customer. See Ex. B.

26. As recited in another step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused Product practices receiving, at the at least one server from a point-of-sale terminal, information identifying the first credit card account and information about a transaction. See Ex. B.

27. As recited in another step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused Product practices retrieving, by the at least one server, the at least one first customer record from the database based on the information identifying the first credit card account. See Ex. B.

28. As recited in another step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused Product practices initiating a charge of an amount of the transaction to the first credit card account. See Ex. B.

29. As recited in another step of Claim 1, the system, at least in internal testing and usage, utilized by the Accused Product practices automatically transmitting a digital receipt for the transaction to the destination associated with the first customer without input from the first customer. See Ex. B.

30. The elements described in the preceding paragraphs are covered by at least Claim 1 of the '551 Patent. Thus, Defendant's use of the Accused Product is enabled by the method described in the '551 Patent.

## INFRINGEMENT OF THE PATENT-IN-SUIT

31. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs

32. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '551 Patent.

33. Defendant has had knowledge of infringement of the '551 Patent at least as of the service of the present Complaint.

34. Defendant has directly infringed and continues to directly infringe at least one claim of the '551 Patent by using, at least through internal testing or otherwise, the Accused Product without authority in the United States, and will continue to do so unless enjoined by this Court.  As a direct and proximate result of Defendant's direct infringement of the '551 Patent, Plaintiff has been and continues to be damaged.

35. Defendant has induced others to infringe the '551 Patent by encouraging infringement, knowing that the acts Defendant induced constituted patent infringement, and its encouraging acts actually resulted in direct patent infringement.

36. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '551 Patent, pursuant to 35 U.S.C. § 271.

37. Defendant has committed these acts of infringement without license or authorization.

38. As a result of Defendant's infringement of the '551 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

39. Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

40. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

41. Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly infringed the '551 Patent either literally or under the doctrine of equivalents;

b. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '551 Patent;

d. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

f. That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

g. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: November 11, 2019                    Respectfully submitted,

                                            SAND, SEBOLT & WERNOW CO., LPA

                                            */s/ Howard L. Wernow*
                                            Howard L. Wernow
                                            Aegis Tower - Suite 1100
                                            4940 Munson Street, N. W.
                                            Canton, Ohio 44718
                                            Phone: 330-244-1174
                                            Fax: 330-244-1173
                                            Howard.Wernow@sswip.com

                                            ATTORNEYS FOR PLAINTIFF